# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID P. FOLEY,

          **Plaintiff,**

v.                                 Case No. 21-CV-280

SCOTT PAUL, JASON ZABEL,
And WENDY SMOLEN,

          **Defendants.**

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff David P. Foley, who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 1.) Foley was allowed to proceed on a First Amendment retaliation claim against defendants Scott Paul and Jason Zabel. He was also allowed to proceed on an Eighth Amendment failure to protect claim against two Jane Doe defendants, one of whom has been identified as Wendy Smolen and the other since dismissed. (*See* ECF No. 46.) The defendants filed a motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 16.) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 5, 12, 48.) The motion is fully briefed and ready for a decision.

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th

Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.,* 330 F.3d 991, 994 (7th Cir. 2003)).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

The Prison Litigation Reform Act states in part that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court and produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). The exhaustion rule also promotes efficiency because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

*Relevant Procedure for Exhausting Administrative Remedies*

The Inmate Complaint Review System (ICRS) is the main process an inmate must use to bring a grievance to the attention of the institution. Wis. Admin Code § DOC 310.04. An inmate must file a complaint regarding whatever issue he wishes to raise within 14 calendar days of the conduct giving rise to the complaint occurring. Wis. Admin. Code § DOC 310.07(2). The complaint must clearly identify

3

the issue the inmate seeks to complain about. Wis. Admin. Code § DOC 310.07(5).

Once an inmate files a complaint, the institution complaint examiner may either accept, reject, or return the complaint. Wis. Admin. Code § DOC 310.10(2). A complaint may be rejected for any of the nine reasons stated in Wis. Admin. Code § DOC 310.10(6)(a)-(i). If an inmate wants to appeal the rejected complaint to the appropriate reviewing authority, he must do so within ten days. Wis. Admin. Code § DOC 310.10(10).

If the complaint examiner accepts the complaint, the complaint examiner makes a recommendation to the reviewing authority. Wis. Admin. Code § DOC 310.10(12). The reviewing authority has 15 days after receiving the recommendation to either affirm or dismiss the complaint in whole or in part. Wis. Admin. Code § DOC 310.11(1)-(2). Within 14 days after the date of the reviewing authority's decision, an inmate may appeal the reviewing authority's decision to the Corrections Complaint Examiner (CCE). Wis. Admin. Code § DOC 310.12(1). Appeals may not exceed 500 words total and may not exceed two pages. Wis. Admin. Code § DOC 310.09(2)(e).

The CCE then has 45 days to make a recommendation to the Secretary of the DOC or to notify the inmate that more time is needed. Wis. Admin. Code § DOC 310.12(9). The CCE "may recommend rejection of an appeal not filed in accordance with § DOC 310.09." Wis. Admin. Code. § DOC 310.12(5). The Secretary then has 45 days to make a decision following receipt of the CCE's recommendation. Wis. Admin. Code § DOC 310.13(1). If an inmate does not receive a decision from the

4

Secretary within 90 days of receipt of the appeal in the CCE's office, he may consider his administrative remedies exhausted. Wis. Admin. Code § DOC 310.13(4).

*Foley's Claims*

Foley was allowed to proceed on a First Amendment retaliation claim against Zabel and Paul. He alleged that, starting in September 2019, they retaliated against him for filing inmate complaints related to the loss of his job and property and for filing a federal lawsuit against them. (ECF No. 8 at 5.) Specifically, Foley claimed that Zabel and Paul spread rumors about his sexuality that caused him to lose his job; confiscated his property; intentionally placed him in a cell with a violent cellmate; searched his cell on a bi-weekly basis; and tampered with his food. (*Id.* at 6.)

Foley was also allowed to proceed on an Eighth Amendment failure to protect claim against two Jane Doe defendants. Foley stated that at the end of February 2020 on more than one occasion he told unidentified staff members (one of whom is now identified as Wendy Smolen) that he was in danger of being attacked by his cell mate, Gilbert. (ECF No. 8 at 8.) Smolen did nothing with this information. (*Id.*) Two weeks later, on March 2, 2020, Gilbert violently attacked and raped Foley. (*Id.*)

*Foley's Attempts to Exhaust His Administrative Remedies*

The defendants assert that Foley filed only two inmate complaints with the ICRS that could be relevant to his underlying claims. On March 9, 2020, the inmate complaint examiner received Foley's inmate complaint FLCI-2020-4204. (ECF No.

5

18, ¶ 14.) In that complaint, Foley stated that, after he was violently attacked by Gilbert on March 2, 2020, Gilbert was allowed to return to Foley's cell unattended to pack his belongings, and while packing up his own things Gilbert also took property belonging to Foley. (ECF No. 19-2 at 10.)

The inmate complaint examiner recommended dismissal of Foley's complaint, and on April 8, 2020, the reviewing authority dismissed the complaint. (ECF No. 18, ¶ 16.) Foley appealed to the CCE, which the CCE received on May 4, 2020. (*Id.*, ¶ 17.) The CCE rejected Foley's appeal on the basis that it was untimely because it was received nearly a month after the inmate complaint was dismissed. (*Id.*)

Foley's second relevant inmate complaint, FLCI-2020-15778, was received by the inmate complaint examiner on September 14, 2020. (ECF No. 18, ¶ 18.) Foley claimed that Paul was retaliating against him by not allowing him to eat his meals while still warm. (ECF No. 19-3 at 11.) The inmate complaint examiner recommended dismissal, and on September 23, 2020, the reviewing authority dismissed the complaint. (ECF No. 18, ¶ 20.) The CCE received Foley's appeal on October 7, 2020. (*Id.*, ¶ 21.) The CCE rejected Foley's appeal because it was over two pages and exceeded 500 words. (*Id.*) Foley's appeal is three full pages filled with small, cramped handwriting, exceeding the word limit. (ECF No. 19-3 at 21-25.)

The defendants also submitted Foley's inmate complaint history report. (ECF No. 19-1). The report shows that between September 2019 and September 2020, other than the two inmate complaints discussed above, Foley did not submit any additional relevant complaints. (*Id.* at 1-2.) The other complaints Foley submitted in

6

2019 concern charges for shipping a package, Health Services Unit copays, a lost address book, and postage charges. (*Id.*) The only complaints Foley submitted in 2020 were the two inmate complaints already discussed. (*Id.* at 2.)

*Analysis*

The Court of Appeals for the Seventh Circuit "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner is required to "properly use the prison's grievance process prior to filing a case in federal court." *Id.* "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). An inmate can overcome his failure to exhaust his administrative remedies only where he can demonstrate that the grievance process was unavailable to him. *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018).

Foley filed only two relevant inmate complaints—FLCI-2020-4204 and FLCI 2020-15778. In neither instance did he fully exhaust his administrative remedies as to his underlying claims. Foley admits he did not timely appeal FLCI-2020-4204. He also admits that his appeal for FLCI-2020-15778 was over the page and word limit. Notwithstanding these admissions, he argues that his appeals were rejected on a technicality, and the inmate complaint examiner was aware of the substance of his claims.

Essentially, Foley is arguing that, even though he did not follow the grievance process to the letter, he substantially complied. However, "[s]ubstantial

7

compliance with administrative requirements does not . . . constitute exhaustion." *Farina v. Anglin*, 418 Fed. Appx. 539, 543 (7th Cir. 2011). Indeed, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure of the course of its proceedings." *Woodford*, 548 U.S. at 91.

Foley also argues that, even though he did not fully follow the process for appealing a grievance, the CCE should have allowed the appeals because there was good cause under Wis. Admin. Code § DOC 310.13(2). But that subsection says nothing about good cause. It states, "The secretary shall affirm or dismiss the CCE's recommendation, in whole or in part, or return the appeal to the CCE for further investigation." The only place § DOC 310.13 mentions "good cause" is § DOC 310.13(1), where it says that the Secretary is allowed to extend the time to make a decision for good cause. A different section, Wis. Admin. Code § DOC 310.12(6), states, "[u]pon good cause as determined by the CCE, an appeal filed later than 14 days after the date of the reviewing authority decision may be accepted."

So, while his citation is wrong, Foley is correct that the procedure for exhausting administrative remedies allows for good cause exceptions as to untimely appeals. However, whether to accept a late appeal is discretionary, and the CCE is not required to accept late appeals, even when there is good cause. Here, the CCE chose not to accept the late appeal, and was entirely within its direction to do so. Also, federal district court is not the appropriate venue to challenge the deficiency of

8

a CCE's actions. If an inmate believes the handling of his grievance was deficient, he can seek certiorari review in state court. *See Pirtle v. Cooper*, Case No. 15-cv-685, 2015 WL 4773166 at *3 (E.D. Wis. Aug. 12, 2015) (citing *State ex rel. Grzelak v. Bertrand*, 263 Wis. 2d 678, 687-88 (2003)).

As for an appeal which exceeds the page and/or word limits, there does not appear to be an explicit good cause exception, but Wis. Admin. Code § 310.12(5) does state that "[t]he CCE *may recommend rejection* of an appeal not filed in accordance with. § DOC 310.09," which includes appeals that do not comply with the page and word limits (emphasis added). In other words, it is within the CCE's discretion to enforce the page and word limits. But, as stated above, the court does not have the authority to review whether the CCE abused its discretion.

Foley further argues that, instead of rejecting his appeals, the CCE should have returned his appeals, which has the effect of putting him on notice that his appeal is deficient and gives him the opportunity to resubmit an appeal that complies with the procedures. As noted above, Wis. Admin. Code § 310.12(5) gives the CCE the authority to reject appeals that are untimely or that do not follow the page and word limits, so the CCE acted appropriately. Thus, neither FLCI-2020-4204 nor FLCI 2020-15778 demonstrate that Foley exhausted his administrative remedies as to the underlying claims.

Foley also argues that he put the institution on notice about his claims in several other ways. He points to his exhibit packet as proof that he filed several inmate complaints about his issues with Paul and Zabel. However, Foley does

9

specify which of the 111 pages he submitted show that he filed additional inmate complaints addressing his underlying claims. Judges are not required to root through the record to discern what evidence supports an inmate's claims. *See Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 702-703 (7th Cir. 2010) ("Judges are not like pigs, hunting for truffles buried [in the record].") (citations omitted). Also, it appears that all the inmate complaints Foley attaches, except for the two already discussed, are from 2016 and earlier. The conduct underlying Foley's retaliation and failure-to-protect claims occurred in 2019 and 2020.

Foley also asserts that he told the Warden and the Security Director about the bi-weekly cell searches, but he attaches no evidence supporting this, nor does he provide any details as to when he complained to them and the manner in which he complained (e.g., in writing, in person, etc.) He also states he filed a PREA complaint which discussed the fact that he told Smolen about his concerns with Gilbert that Smolen then ignored. He cites Exhibit H in his exhibit packet, but Exhibit H is a PREA complaint from 2016—over three years before Foley alleges he told Smolen of his concerns about Gilbert. In short, Foley simply asserting he took these actions, without additional evidence, is not enough to demonstrate that the institution was on notice of his underlying claims. "Summary judgment is the proverbial put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020). "It is therefore incumbent on the party opposing a summary judgment motion to 'inform the

10

district court of the reasons why summary judgment should not be entered'" *Reed v. Brex, Inc.*, 8 F. 4th. 569, 578 (7th Cir. 2021) (quoting *Riely v. City of Kokomo*, 909 F.3d 182, 190 (7th Cir. 2018)).

Foley has failed to demonstrate that, before he filed this lawsuit, he properly exhausted his administrative remedies for the claims he brings in this lawsuit. Therefore, summary judgment is granted in the defendants' favor.

## CONCLUSION

No genuine issue of material fact exists as to whether, before he filed this lawsuit, Foley failed to exhaust his administrative remedies for his First Amendment retaliation claims and his Eighth Amendment failure to protect claims. Therefore, summary judgment is granted in the defendants' favor and the case is dismissed without prejudice. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020) ("A premature lawsuit must be dismissed without prejudice, and the prisoner must file a new suit after fully exhausting his administrative remedies.").

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment (ECF No. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal

11

Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 15th day of February, 2022.

BY THE COURT

_William E. Duffin_
WILLIAM E. DUFFIN
United States Magistrate Judge
